UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MENDEL STERN, AHARON OSTREICHER,
YOCHONON MARKOWITZ, ABRAHAM KOHN,
ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL
SABEL, YOEL FRIED and FRAIDA M. FRIED,
MELECH KRAUSS, ISRAEL OSTREICHER,

**ANSWER WITH
COUNTERCLAIMS**

2018-CV-04622 (NSR)

Plaintiffs,

-against-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION,
ARTHUR EDWARDS, INC., ARCHWAY PROPERTY
MANAGEMENT, INC., CARMINE
MASTROGIACOMO, CHRISTOPHER PERRINO,
ALEX RUBANOVICH, NANCY DIAZ and RAY
TORRES,

Defendants.

-----------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that Defendants, HIGHLAND LAKES HOMEOWNERS

ASSOCIATION, INC. i/s/h/a HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR

EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE

MASTROGIACOMO, CHRISTOPHER PERINO i/s/h/a CHRISTOPHER PERRINO, ALEC

RUBANOVICH i/s/h/a ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES, by their

attorneys, **MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS, LLP**, as and

for its Answer to the Plaintiffs' Complaint, sets forth the following, upon information and

belief:

## I.   INTRODUCTION

1.     Deny all the allegations in the paragraph of the Complaint designated **"1"**

and respectfully refer all questions of law to the Court and all questions of fact to the

trier of fact.

1

2.      Deny all the allegations in the paragraph of the Complaint designated **"2"**
and respectfully refer all questions of law to the Court and all questions of fact to the
trier of fact.

3.      Deny all the allegations in the paragraph of the Complaint designated **"3"**.

**II.     PARTIES**

4.      Deny all the allegations contained in the paragraph of the Complaint
designated **"4"** insofar as the allegations pertain or relate to these answering
defendants and respectfully refer all questions of law to the Court and all questions of
fact to the trier of fact.

5.      Deny any knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations in the paragraph of the Complaint designated **"5"** and
respectfully refer all questions of law to the Court and all questions of fact to the trier of
fact.

6.      Deny all the allegations contained in the paragraph of the Complaint
designated **"6"** except admits, upon information and belief, that the Highland Lake
Estates Homeowners Association, Inc. is a New York not for profit corporation located in
the Town of Woodbury, County of Orange, State of New York and respectfully refer all
questions of law to the Court and all questions of fact to the trier of fact.

7.      Deny all the allegations contained in the paragraph of the Complaint
designated **"7"** except admits, upon information and belief, that Arthur Edwards, Inc.,
with offices located at 1 DeWolf Road, Old Tappan, New Jersey, has been providing
specified services as property manager for Highland Lake Estates Homeowners
Association, Inc. as of approximately October 1, 2017 and respectfully refer all

2

questions of law to the Court and all questions of fact to the trier of fact.

8.      Deny all the allegations contained in the paragraph of the Complaint designated **"8"** except admits, upon information and belief, that Archway Property Management, Inc., with a mailing address of P.O. Box 454, Central Valley, New York 10917, was providing specified services as property manager for Highland Lake Estates Homeowners Association, Inc. from approximately January 9, 2017 until approximately June 19, 2017 and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

9.      Deny all the allegations contained in the paragraph of the Complaint designated **"9"** except admits, upon information and belief, that defendants Carmine Mastrogiacomo, Christopher Perino i/s/h/a Christopher Perrino, Alec Rubanovich i/s/h/a Alex Rubanovich, Nancy Diaz and Ray Torres have served in various Board positions with Highland Lake Estates Homeowners Association, Inc. from approximately October, 2016 until the present time and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

### III.    <u>JURISTICTION</u>

10.      Deny all the allegations in the paragraph of the Complaint designated **"10"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

### <u>ANSWERING THE FIRST CAUSE OF ACTION</u>

11.      Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"11"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of

fact.

12.     Deny all the allegations in the paragraph of the Complaint designated "**12**".

13.     Deny all the allegations in the paragraph of the Complaint designated "**13**".

14.     Deny all the allegations in the paragraph of the Complaint designated "**14**".

15.     Deny all the allegations contained in the paragraph of the Complaint designated "**15**" insofar as the allegations pertain or relate to these answering defendants.

16.     Deny all the allegations contained in the paragraph of the Complaint designated "**16**" insofar as the allegations pertain or relate to these answering defendants.

17.     Deny all the allegations in the paragraph of the Complaint designated "**17**".

18.     Deny all the allegations contained in the paragraph of the Complaint designated "**18**" insofar as the allegations pertain or relate to these answering defendants.

18A.    Deny all the allegations contained in the paragraph of the Complaint designated "**18A**" insofar as the allegations pertain or relate to these answering defendants.

19.     Deny all the allegations in the paragraph of the Complaint designated "**19**".

## ANSWERING THE SECOND CAUSE OF ACTION

20.     As and for a response to paragraph **"20"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"19"** of this Answer with the same force and effect as is fully set forth at length herein.

21.     Deny all the allegations in the paragraph of the Complaint designated **"21"**.

22.     Deny all the allegations contained in the paragraph of the Complaint designated **"22"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

23.     Deny all the allegations contained in the paragraph of the Complaint designated **"23"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

24.     Deny all the allegations in the paragraph of the Complaint designated **"24"**.

25.     Deny all the allegations contained in the paragraph of the Complaint designated **"25"** insofar as the allegations pertain or relate to these answering defendants.

26.     Deny all the allegations contained in the paragraph of the Complaint designated **"26"** insofar as the allegations pertain or relate to these answering defendants.

27.     Deny all the allegations contained in the paragraph of the Complaint

designated **"27"** insofar as the allegations pertain or relate to these answering defendants.

28.     Deny all the allegations in the paragraph of the Complaint designated **"28"** in the form alleged.

29.     Deny all the allegations contained in the paragraph of the Complaint designated **"29"** insofar as the allegations pertain or relate to these answering defendants.

30.     Deny all the allegations in the paragraph of the Complaint designated **"30"**.

31.     Deny all the allegations in the paragraph of the Complaint designated **"31"** in the form alleged.

32.     Deny all the allegations in the paragraph of the Complaint designated **"32"** in the form alleged insofar as same may pertain or relate to these answering defendants and beg leave to refer to said action at the time of trial for the contents thereof and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

33.     Deny all the allegations contained in the paragraph of the Complaint designated **"33"** insofar as the allegations pertain or relate to these answering defendants.

34.     Deny all the allegations contained in the paragraph of the Complaint designated **"34"** insofar as the allegations pertain or relate to these answering defendants.

35.     Deny all the allegations in the paragraph of the Complaint designated

6

"**35**" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

36.    Deny all the allegations in the paragraph of the Complaint designated "**36**" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

37.    Deny all the allegations in the paragraph of the Complaint designated "**37**" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

38.    Deny all the allegations in the paragraph of the Complaint designated "**38**" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE THIRD CAUSE OF ACTION

39.    As and for a response to paragraph "**39**" of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs "**1**" through "**38**" of this Answer with the same force and effect as is fully set forth at length herein.

40.    Deny all the allegations in the paragraph of the Complaint designated "**40**" in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

41.    Deny all the allegations contained in the paragraph of the Complaint designated "**41**" insofar as the allegations pertain or relate to these answering defendants.

42.    Deny all the allegations contained in the paragraph of the Complaint designated "**42**" insofar as the allegations pertain or relate to these answering

7

defendants.

43.     Deny all the allegations contained in the paragraph of the Complaint designated **"43"** insofar as the allegations pertain or relate to these answering defendants.

44.     Deny all the allegations in the paragraph of the Complaint designated **"44"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FOURTH CAUSE OF ACTION

45.     As and for a response to paragraph **"45"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"44"** of this Answer with the same force and effect as is fully set forth at length herein.

46.     Deny all the allegations contained in the paragraph of the Complaint designated **"46"** insofar as the allegations pertain or relate to these answering defendants.

47.     Deny all the allegations in the paragraph of the Complaint designated **"47"**.

48.     Deny all the allegations in the paragraph of the Complaint designated **"48"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

49.     Deny all the allegations contained in the paragraph of the Complaint designated **"49"** insofar as the allegations pertain or relate to these answering defendants.

50.     Deny all the allegations contained in the paragraph of the Complaint

designated **"50"** insofar as the allegations pertain or relate to these answering defendants.

51.     Deny all the allegations contained in the paragraph of the Complaint designated **"51"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

52.     Deny all the allegations in the paragraph of the Complaint designated **"52"** in the form alleged insofar as the allegations pertain or relate to these answering defendants and beg leave to refer to said action at the time of trial for the contents thereof and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

53.     Deny all the allegations in the paragraph of the Complaint designated **"53"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FIFTH CAUSE OF ACTION

54.     As and for a response to paragraph **"54"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"53"** of this Answer with the same force and effect as is fully set forth at length herein.

55.     Deny all the allegations contained in the paragraph of the Complaint designated **"55"** insofar as the allegations pertain or relate to these answering defendants.

56.     Deny all the allegations contained in the paragraph of the Complaint designated **"56"** insofar as the allegations pertain or relate to these answering

defendants.

57.     Deny all the allegations in the paragraph of the Complaint designated **"57"**.

58.     Deny all the allegations contained in the paragraph of the Complaint designated **"58"** insofar as the allegations pertain or relate to these answering defendants.

59.     Deny all the allegations in the paragraph of the Complaint designated **"59"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

<u>**ANSWERING THE SIXTH CAUSE OF ACTION**</u>

60.     As and for a response to paragraph **"60"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"59"** of this Answer with the same force and effect as is fully set forth at length herein.

61.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"61"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

62.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"62"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

63.     Deny all the allegations contained in the paragraph of the Complaint designated **"63"** insofar as the allegations pertain or relate to these answering

defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

64.     Deny all the allegations contained in the paragraph of the Complaint designated **"64"** insofar as the allegations pertain or relate to these answering defendants.

65.     Deny all the allegations contained in the paragraph of the Complaint designated **"65"** insofar as the allegations pertain or relate to these answering defendants.

66.     Deny all the allegations in the paragraph of the Complaint designated **"66"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

67.     Deny all the allegations in the paragraph of the Complaint designated **"67"**.

68.     Deny all the allegations contained in the paragraph of the Complaint designated **"68"** insofar as the allegations pertain or relate to these answering defendants and beg leave to refer to said January 23, 2018 letter for the contents thereof at the time of trial and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

69.     Deny all the allegations contained in the paragraph of the Complaint designated **"69"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

70.     Deny any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the paragraph of the Complaint designated **"70"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

71.     Deny all the allegations in the paragraph of the Complaint designated **"71"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

72.     Deny all the allegations contained in the paragraph of the Complaint designated **"72"** insofar as the allegations pertain or relate to these answering defendants.

73.     Deny all the allegations in the paragraph of the Complaint designated **"73"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE SEVENTH CAUSE OF ACTION

74.     As and for a response to paragraph **"74"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"73"** of this Answer with the same force and effect as is fully set forth at length herein.

75.     Deny all the allegations in the paragraph of the Complaint designated **"75"**.

76.     Deny all the allegations contained in the paragraph of the Complaint designated **"76"** insofar as the allegations pertain or relate to these answering defendants.

77.     Deny all the allegations contained in the paragraph of the Complaint designated **"77"** insofar as the allegations pertain or relate to these answering

defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

78.     Deny all the allegations contained in the paragraph of the Complaint designated **"78"** insofar as the allegations pertain or relate to these answering defendants.

79.     Deny all the allegations in the paragraph of the Complaint designated **"79"**.

## ANSWERING THE EIGHTH CAUSE OF ACTION

80.     As and for a response to paragraph **"80"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"79"** of this Answer with the same force and effect as is fully set forth at length herein.

81.     Deny all the allegations contained in the paragraph of the Complaint designated **"81"** insofar as the allegations pertain or relate to these answering defendants and beg leave to refer to said legal action for the contents thereof at the time of trial and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

82.     Deny all the allegations in the paragraph of the Complaint designated **"82"**.

83.     Deny all the allegations in the paragraph of the Complaint designated **"83"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE NINTH CAUSE OF ACTION

84.     As and for a response to paragraph **"84"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"83"** of this Answer with the same force and effect as is fully set forth at length herein.

85.     Deny all the allegations contained in the paragraph of the Complaint designated **"85"** insofar as the allegations pertain or relate to these answering defendants.

86.     Deny all the allegations contained in the paragraph of the Complaint designated **"86"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

87.     Deny all the allegations contained in the paragraph of the Complaint designated **"87"** insofar as the allegations pertain or relate to these answering defendants.

88.     Deny all the allegations in the paragraph of the Complaint designated **"88"**.

89.     Deny all the allegations in the paragraph of the Complaint designated **"89"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE TENTH CAUSE OF ACTION

90.     As and for a response to paragraph **"90"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"89"** of this Answer with the same force and effect as is fully set forth at length herein.

91.     Deny all the allegations contained in the paragraph of the Complaint

14

designated **"91"** except admit, upon information and belief, that defendant Highland Lake Homeowners Association, Inc. i/s/h/a Highland Estate Homeowners Association has undertaken various efforts to enhance the safety and welfare of the community by, among other things, having entrance gates constructed thereat and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

92.     Deny all the allegations in the paragraph of the Complaint designated **"92"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

93.     Deny all the allegations in the paragraph of the Complaint designated **"93"**.

94.     Deny all the allegations in the paragraph of the Complaint designated **"94"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

95.     Deny all the allegations contained in the paragraph of the Complaint designated **"95"** insofar as the allegations pertain or relate to these answering defendants.

96.     Deny all the allegations in the paragraph of the Complaint designated **"96"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

97.     As and for a response to paragraph **"97"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"96"** of this Answer with the same force and effect as is fully set forth at length herein.

15

98.    Deny all the allegations in the paragraph of the Complaint designated **"98"**.

99.    Deny all the allegations in the paragraph of the Complaint designated **"99"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE TWELFTH CAUSE OF ACTION

100.    As and for a response to paragraph **"100"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"99"** of this Answer with the same force and effect as is fully set forth at length herein.

101.    Deny all the allegations contained in the paragraph of the Complaint designated **"101"** insofar as the allegations pertain or relate to these answering defendants.

102.    Deny all the allegations contained in the paragraph of the Complaint designated **"102"** except admit, upon information and belief, that community members are required to follow various Rules and Regulations of neutral application enacted by Highland Lake Estates Homeowners Association, Inc. to protect the health, safety and welfare of the entire community and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

103.    Deny all the allegations in the paragraph of the Complaint designated **"103"** in the form alleged.

104.    Deny all the allegations in the paragraph of the Complaint designated **"104"** in the form alleged.

105.    Deny all the allegations in the paragraph of the Complaint designated

16

"**105**" in the form alleged.

106.   Deny all the allegations in the paragraph of the Complaint designated "**106**" in the form alleged.

107.   Deny all the allegations in the paragraph of the Complaint designated "**107**" in the form alleged.

108.   Deny all the allegations contained in the paragraph of the Complaint designated "**108**" insofar as the allegations pertain or relate to these answering defendants.

109.   Deny all the allegations contained in the paragraph of the Complaint designated "**109**" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

110.   Deny all the allegations in the paragraph of the Complaint designated "**110**" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE THIRTEENTH CAUSE OF ACTION

111.   As and for a response to paragraph "**111**" of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs "**1**" through "**110**" of this Answer with the same force and effect as is fully set forth at length herein.

112.   Deny all the allegations in the paragraph of the Complaint designated "**112**".

113.   Deny all the allegations contained in the paragraph of the Complaint designated "**113**" insofar as the allegations pertain or relate to these answering

defendants.

114.    Deny all the allegations contained in the paragraph of the Complaint designated "114" insofar as the allegations pertain or relate to these answering defendants.

115.    Deny all the allegations contained in the paragraph of the Complaint designated "115" insofar in the form alleged as the allegations pertain or relate to these answering defendants.

116.    Deny all the allegations in the paragraph of the Complaint designated "116" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FOURTEENTH CAUSE OF ACTION

117.    As and for a response to paragraph "117" of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs "1" through "116" of this Answer with the same force and effect as is fully set forth at length herein.

118.    Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated "118" and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

119.    Deny all the allegations in the paragraph of the Complaint designated "119".

120.    Deny all the allegations contained in the paragraph of the Complaint designated "120" insofar as the allegations pertain or relate to these answering defendants.

121.   Deny all the allegations contained in the paragraph of the Complaint designated **"121"** insofar as the allegations pertain or relate to these answering defendants.

122.   Deny all the allegations contained in the paragraph of the Complaint designated **"122"** insofar as the allegations pertain or relate to these answering defendants.

123.   Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"123"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

124.   Deny all the allegations contained in the paragraph of the Complaint designated **"124"** insofar in the form alleged as the allegations pertain or relate to these answering defendants.

125.   Deny all the allegations contained in the paragraph of the Complaint designated **"125"** insofar in the form alleged as the allegations pertain or relate to these answering defendants.

126.   Deny all the allegations contained in the paragraph of the Complaint designated **"126"** insofar as the allegations pertain or relate to these answering defendants.

127.   Deny all the allegations contained in the paragraph of the Complaint designated **"127"** insofar as the allegations pertain or relate to these answering defendants.

128.   Deny all the allegations contained in the paragraph of the Complaint

designated **"128"** insofar as the allegations pertain or relate to these answering defendants.

129.    Deny all the allegations contained in the paragraph of the Complaint designated **"129"** insofar as the allegations pertain or relate to these answering defendants.

130.    Deny all the allegations contained in the paragraph of the Complaint designated **"130"** insofar as the allegations pertain or relate to these answering defendants.

131.    Deny all the allegations in the paragraph of the Complaint designated **"131"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

132.    Deny all the allegations contained in the paragraph of the Complaint designated **"132"** insofar as the allegations pertain or relate to these answering defendants.

133.    Deny all the allegations contained in the paragraph of the Complaint designated **"133"** insofar as the allegations pertain or relate to these answering defendants.

134.    Deny all the allegations contained in the paragraph of the Complaint designated **"134"** insofar as the allegations pertain or relate to these answering defendants.

135.    Deny all the allegations contained in the paragraph of the Complaint designated **"135"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

136.    This Court should abstain from adjudicating the merits of this litigation based upon application of the abstention doctrine. See  Younger v. Harris, 401 U.S, 37.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

137.    Plaintiffs' claims are barred based upon application of New York's business judgment rule.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

138.    Any due process claims of plaintiffs are barred by the existence of an adequate post-deprivation remedy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

139.    Defendants' policies and practices conform to the requirements of applicable federal and state laws including, but not limited to, 42 U.S.C. §1983, the United States Constitution, the New York State Constitution, New York Civil Rights Law §40-c, and New York State common law, and are administered in a manner which is consistent with Defendants' legal obligations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

140.    Plaintiffs have no private right of action under the New York State Constitution as their claims, if they had merit, are remediable under federal and other state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

141.    The Complaint fails to state a claim upon which relief can be granted (e.g. 42 U.S.C §§ 3604 and 3617 and Section 296 of the Executive Law of the State of New

York).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

142.   The Plaintiffs lack legal standing, in whole or in part, to assert the claims alleged in the Complaint (e.g. various plaintiffs not being members and/or having any ownership/legal interest in the Highland Lake Estates community).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

143.   The Plaintiffs have not suffered any compensable injury.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

144.   One or more of the Plaintiffs lack standing and/or the legal capacity to sue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

145.   The Complaint is barred because the Plaintiffs do not allege an actual or justiciable case and controversy.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

146.   The Complaint is barred, in whole or in part, by Plaintiffs' failure to exhaust all available and applicable administrative and legal remedies.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

147.   The Complaint is barred because the legal and proximate cause of any damages, injury or harm allegedly suffered by Plaintiffs, or the real party in interest, was the result of Plaintiffs' or the real party in interest's own making and/or the actions of third parties and not by the Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

148.   The Complaint is barred because Plaintiffs and/or the real party in interest caused any alleged damages to themselves.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

149.    The Complaint is barred because Plaintiffs and/or the real party in interest failed and refused to mitigate any alleged damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

150.    The Complaint is barred because Plaintiffs' alleged damages, if any, are speculative as a matter of law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

151.    The Plaintiffs waived the claims asserted and are therefore barred from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

152.    The Plaintiffs are legally estopped from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

153.    The Plaintiffs are guilty of laches and are therefore barred from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

154.    The Plaintiffs are guilty of unclean hands and are therefore barred from asserting some or all of the claims in the Complaint.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

155.    The Complaint is barred, and the case should be dismissed, because of the Plaintiffs' spoliation and destruction of relevant documents including, but not limited to, electronically-stored information.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

156.    The land use provision of Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") are unconstitutional on their face and as applied, and therefore, are unenforceable as a matter of law against the Defendants.

**AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE**

157.    The Defendants' Rules and Regulations and the application of same do not create a substantial burden on Plaintiffs' free exercise of religion.

**AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE**

158.    The Defendants' rules and regulations contain neutral laws of general applicability, and as such, do not violate RLUIPA or any other legal rights of the plaintiffs.

**AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE**

159.    The Defendants' Rules and Regulations do not violate RLUIPA.

**AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE**

160.    The Complaint is barred because the Defendants are immune from liability under the principle of absolute immunity and, in particular, immunities for legislative and quasi-judicial duties and actions taken in the exercise of their discretion.

**AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE**

161.    The Complaint is barred because the Defendants have qualified immunity.

**AS AND FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE**

162.    The Complaint is barred because the Defendants have qualified immunity including, for, but not limited to, actions which are administrative in nature.

**AS AND FOR A TWENTY EIGHTH AFFIRMATIVE DEFENSE**

24

163.    Plaintiffs have not alleged facts stating a cause of action under 42 U.S.C. §1983 for violation of substantive due process that shocks the conscience or results in the deprivation of life, liberty or property.

### AS AND FOR A TWENTY NINTH AFFIRMATIVE DEFENSE

164.    The Complaint is barred because the Plaintiffs have failed to assert a claim that any of the Defendants, officially or individually, performed or approved any acts which would violate clearly established constitutional principles or rights which an ordinary person could have known or determined.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

165.    Defendants have not violated any rights, privileges or immunities secured to the Plaintiffs by the Constitution or laws of the United States, nor have Defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRTY FIRST AFFIRMATIVE DEFENSE

166.    A residential or housing use is not the exercise of religion or a religious use.

### AS AND FOR A THIRTY SECOND AFFIRMATIVE DEFENSE

167.    Plaintiffs' claims are barred by documentary evidence.

### AS AND FOR A THIRTY THIRD AFFIRMATIVE DEFENSE

168.    The Plaintiff(s) entered into their association with Defendant Homeowners Association voluntarily and willingly and are legally bound by the Rules and Regulations of that Homeowners Association.

## AS AND FOR A THIRTY FOURTH AFFIRMATIVE DEFENSE

169.     Should Defendants be deemed the prevailing party in this action, or on any claim or defense therein, Defendants demand attorneys' fees and expert fees pursuant to RLUIPA, 42 U.S.C. § 1988 and any other applicable provisions of Title 42, 28 U.S.C. § 1927, the Court's inherent powers, the Federal Rules of Civil Procedure and/or any other applicable case law, rule, law or regulation.

## AS AND FOR A THIRTY FIFTH AFFIRMATIVE DEFENSE

170.     Defendants were not deliberately indifferent to plaintiffs' constitutional rights.

## AS AND FOR A THIRTY SIXTH AFFIRMATIVE DEFENSE

171.     Defendants deny that plaintiff have suffered any pain and suffering, emotional, psychological or physical damage whatsoever as a result of actions taken by answering defendants, and any pain and suffering, emotional, psychological or physical condition suffered by plaintiffs is attributable to causes wholly independent of answering defendants' actions.

## AS AND FOR A THIRTY SEVENTH AFFIRMATIVE DEFENSE

172.     All actions taken by defendants with respect to plaintiffs were in good faith and for legitimate, non-discriminatory reasons.

## AS AND FOR A THIRTY EIGHTH AFFIRMATIVE DEFENSE

173.    Plaintiffs' claims barred as a matter of law based upon the absence of state action.

### AS AND FOR A THIRTY NINTH AFFIRMATIVE DEFENSE

174.    Some or all of plaintiffs' claims are time-barred under the applicable statute(s) of limitations.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

175.    Plaintiff(s) have failed to establish the requisite policy or custom.

### AS AND FOR A FORTY FIRST AFFIRMATIVE DEFENSE

176.    Plaintiffs have failed to satisfy all conditions precedent to suit.

### AS AND FOR A FORTY SECOND AFFIRMATIVE DEFENSE

177.    Upon information and belief, any past or future costs or expenses incurred or to be incurred, by plaintiffs for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss has been, or will with reasonable certainty be, replaced or indemnified, in whole or in part, from a collateral source, and consequently, if any damages are recoverable against these answering defendants, the amount of such damages shall be diminished by the amount that plaintiffs have received, or shall receive, from the collateral source.

### AS AND FOR A FORTY THIRD AFFIRMATIVE DEFENSE

178.    Plaintiffs did not timely file a Notice of Claim for the allegations of the Complaint.

## AS AND FOR A FORTY FOURTH AFFIRMATIVE DEFENSE

179.   Any equal protection claim asserted by plaintiffs is barred to the extent that defendants took reasonable care to prevent and promptly correct any discriminatory behavior and plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided or to avoid harm otherwise.

## AS AND FOR A FORTY FIFTH AFFIRMATIVE DEFENSE

180.   Defendants were not deliberately indifferent to plaintiffs' alleged claims.

## AS AND FOR A FORTY SIXTH AFFIRMATIVE DEFENSE

181.   That some or all of plaintiffs' claims should have properly been brought pursuant to CPLR Article 78.

## AS AND FOR A FORTY SEVENTH AFFIRMATIVE DEFENSE

182.   That Title VII does not permit a claim against an individual in his/her official capacity.

## AS AND FOR A FORTY EIGHTH AFFIRMATIVE DEFENSE

183.   Plaintiffs cannot establish Defendants were on notice of any alleged discrimination pursuant to Title VII.

## AS AND FOR A FORTY NINTH AFFIRMATIVE DEFENSE

184.   That this action is not ripe as plaintiffs have not sustained injury.

## AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

185.   All actions taken against plaintiffs were the result of their own culpable conduct.

## AS AND FOR A FIFTY FIRST AFFIRMATIVE DEFENSE

186.   Plaintiffs were not treated differently than similarly situated individuals.

## AS AND FOR A FIFTY SECOND AFFIRMATIVE DEFENSE

187.   Defendants deny that plaintiffs have suffered any emotional, or psychological damage whatsoever as a result of actions taken by answering defendants.

## AS AND FOR A FIFTY THIRD AFFIRMATIVE DEFENSE

188.   That there is no individual liability under the statutes claimed.

## AS AND FOR A FIFTY FOURTH AFFIRMATIVE DEFENSE

189.   Plaintiffs' claims are barred to the extent that defendants took prompt remedial measures to correct any allegedly inappropriate behavior directed at plaintiff(s).

## AS AND FOR A FIFTY FIFTH AFFIRMATIVE DEFENSE

190.   All actions taken with respect to plaintiffs were justified based upon plaintiffs' own conduct.

## AS AND FOR A FIFTY SIXTH AFFIRMATIVE DEFENSE

191. Defendants specifically reserve their right to assert further affirmative defenses as are appropriate as investigation and discovery continue in this action.

### AS AND FOR A FIRST COUNTERCLAIM BY THE COUNTERCLAIMING DEFENDANTS AGAINST PLAINTIFFS

192. The Counterclaiming Defendants, Carmine Mastrogiocomo, Christopher Perino, Alec Rubanovich, Nancy Diaz and Ray Torres (collectively the "Counterclaiming Defendants") repeat and reallege all content of their Answer previously interposed herein as though set forth in full herein.

193. Highland Lake Estates ("Estates") is a real property development that is located in the County of Orange, New York and consists of approximately 168 families.

194. The Estates is governed by the By-Laws of Highland Lake Estates H.O.A., Inc. ("HOA") which was established pursuant to an Offering Plan dated February 17, 1995.

195. Said Offering Plan was approved for prospective purchasers of property in the Estates by the applicable authorities in the State of New York with regard to the sale of Lots within the Estates.

196. The Defendant Carmine Mastrogiocomo acquired ownership within the Estates with property having an address at 7 Columbia Circle, Highland Mills, New York in 2003.

197. The Defendant Christopher Perino acquired ownership within the Estates with property having an address at 9 Dartmouth Road, Highland Mills, New York in 1997.

198.   The Defendant Alec Rubanovich acquired ownership within the Estates with property having an address at 87 University Drive, Highland Mills, New York in 2010.

199.   The Defendant Nancy Diaz acquired ownership within the Estates with property having an address at 85 University Drive, Highland Mills, New York in 2007.

200.   The Defendant Ray Torres acquired ownership within the Estates with property having an address at 2 Vanderbilt Drive, Highland Mills, New York in 1995.

## BACKGROUND REGARDING ESTABLISHMENT OF HOA

201.   The HOA is empowered pursuant to the By-Laws with consent of all of those who purchase property within the Estates to undertake activities pursuant to a duly elected HOA Board of Directors.

202.   The purposes of the HOA is, among other things, to make certain that the economic investment and viability of all homeownership within the Estates is preserved in order to maximize the value of all real property within the Estates.

203.   Pursuant to the Offering Plan involving the HOA and subsequent events, the obligations of all homeowners within the Estates is clearly established as well as a process and procedure for the HOA Board of Directors to promulgate and enforce certain Rules and Regulations.

204.   Pursuant to Article XII of the Offering Plan which is binding on all homeowners within the Estates, each and every member or occupant of the Estates is subject to and bound by the Rules and Regulations and provisions of the Declaration, the By-Laws and Rules and Regulations of the Board of Directors as well as other

covenants and restrictions as set forth in the Offering Plan as well as Rules and Regulations which are amended from time to time.

## PRIOR OPERATIONS OF THE HOA

205.   Prior to 2016, the investment of many homeowners within the Estates, including the Counterclaiming Defendants, was diminished by reason of a failure by the previous HOA Directors to equally, lawfully and properly apply, enforce and otherwise employ the HOA Rules and Regulations.

206.   Prior to 2016, the prior HOA Board of Directors allowed the HOA Rules and Regulations to be flouted by many homeowners and others within the Estates so that the use and enjoyment and aesthetics of the property, as well as investment of the Counterclaiming Defendants and others, was impaired.

207.   Pursuant to the applicable Rules and Regulations, the Counterclaiming Defendants sought and were successfully elected to the HOA Board of Directors and proceeded to lawfully enforce and otherwise apply Rules and Regulations with regard to the Estates.

208.   The prior HOA Board of Directors had a history of not enforcing rules and regulations and those rules and regulations were critical to maintaining fair market value for all homes with the Estates.

209.   Situations such as garbage not being removed, garbage cans being left out front, shacks and other structures that were not erected pursuant to the HOA rules were allowed to exist as well as to continue to exist and many other violations contributed to a decline in quality of life as well as fair market value for homes in the Estates.

210.    Upon the Counterclaiming Defendants being elected to the HOA Board (the "New Board"), Legal Counsel reviewed the appropriate HOA Rules and Regulations, as well as additional Attorneys have at times reviewed the HOA Rules and Regulations to ensure that all were proper both as enacted as well as applied to all Estate Homeowners.

211.    Since the New Board was elected, whatever complaints received are frequently documented by photographs and evidence of any violation is presented for enforcement pursuant to the HOA Rules with a Notice of Violation issued to the person believed to have broken the HOA Rules.

212.    Everyone is given an opportunity after receipt of that Notice of Violation to correct any violation and, if so corrected, no further action is taken by the New Board.

213.    If corrective action is not being taken, then appropriate fines are imposed pursuant to the HOA Rules and Regulations.

214.    At all times Homeowners who do not correct any violations are issued appropriate fines without regard to race, religious, creed, color or any other factors. This has been the history of the New Board.

215.    While the population of the Estates has always been diverse, this diversity including Hasidic Families, has noticeably increased in the past few years.  Based upon public information, of the approximate 168 families living in the Estates, there are approximately 19 Hasidic Families residing in the Estates.

216.    Those Hasidic Families are held to the same rules and regulations as others.

217.    Some Hasidic Families, however, have homes and undertake activities that violate the HOA Rules and Regulations.

218.    One such house had substantial amounts of garbage dumped on the driveway area, while another such house had a large amount of equipment placed in the yard area together, with a portable bathroom located in the middle of the front lawn.

219.    Another such home likewise has wires strung across the property and is not properly maintained pursuant to HOA Rules and Regulations.

220.    The New Board proceeded to enforce all HOA Rules and Regulations in a uniform fashion and this enforcement effort applied to both Hasidic and non-Hasidic Homeowners.

### THE COUNTERCLAIMING DEFENDANTS SEEK TO MAKE THE ESTATES A DIVERSE AND ENJOYABLE COMMUNITY FOR ALL RESIDENTS

221.    In seeking to make the Estates a diverse and enjoyable living community, the Counterclaiming Defendants have attempted to make all Estates residents' experience a residential housing atmosphere of acceptance, inclusion and generally one of toleration.

222.    In that regard, when a Summer Picnic in the Estates was planned, the Counterclaiming Defendants took steps to make certain all the Hasidic Families in the Estates were included in the event by purchasing Kosher foods for use at the Picnic.

223.    Additionally in that regard, when an Easter Egg Event took place in the Estates, the Counterclaiming Defendants made certain that the same plastic eggs used by others at the Event that included candies inside were offered to any interested

Hasidic Families by using Kosher candy that would be acceptable to any such Hasidic Families.

224.   The Counterclaiming Defendants also cooperated fully in the erection of temporary religious structures on lots within the Estates that certain Hasidic Families required for specific religious practices.

225.   Notwithstanding such and other efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by following them around the Estates for no proper reason.

226.   Notwithstanding such efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by videotaping them as they traveled throughout the Estates for no proper reason.

227.   Notwithstanding such efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by falsely accusing the Counterclaiming Defendants of undertaking wrongful actions.

228.   Notwithstanding such efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by participating in fraudulent misrepresentations of the HOA Agenda items.

229.   Notwithstanding such efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by making false accusations of discriminatory conduct at HOA Meetings.

230.   Notwithstanding such efforts by the Counterclaiming Defendants, Plaintiffs have sought to harass and intimidate the Counterclaiming Defendants by sending text

messages in a manner calculated to annoy, bother, harass and otherwise disturb the Counterclaiming Defendants.

231. Despite the foregoing, the Counterclaiming Defendants have continued to treat all Estates Residents equally and fairly at all times. This is so despite the actions of certain Plaintiffs and others as set forth herein to make residential housing unavailable for all persons. Those actions of Plaintiffs and others are the basis for these Counterclaims.

## THE ESTATES AS "JEW TOWN"

232. In contrast to the aforementioned activities of the Counterclaiming Defendants to make all residential housing within the Estates available to all persons, the Plaintiffs have violated applicable HOA Rules and Regulations and have sought to have certain Hasidic Families within the Estates also violate the HOA Rules and Regulations.

233. Such conduct has had a detrimental impact of the quality of life for the Counterclaiming Defendants and others in the Estates.

234. The Counterclaiming Defendants have seen such conduct result in a community in the Estates that is not as diverse and enjoyable as it should be.

235. In seeking to understand and address any legitimate concerns of any Hasidic Families in the Estates as well as the non-compliance with HOA Rules and Regulations, the Counterclaiming Defendants sought information as to the intentions of the Plaintiffs and others by refusing to comply with HOA Rules and Regulations that said Plaintiff understood they were bound to follow as part of the HOA.

236.   In that search for such information, an Estate Resident named Kraus Stern advised a Counterclaiming Defendant that there was a motivation for the actions by certain Hasidic Families that were not complying with the HOA Rules and Regulations and otherwise in not participating in Estate Activities as part of a diverse residential community.

237.   Concerning the aforementioned conduct, said Kraus Stern advised said Counterclaiming Defendant that the goal of certain Hasidic Estates Residents including certain Plaintiffs, was to have the Estates only for Hasidic Families from the Village of Kiryas Joel area.

238.   The history of practices in the Village of Kiryas Joel is that organized efforts are undertaken to "drive out" from said Village those residents who do not follow the practices of not only the Satmar Jewish Faith, but also Satmar Jewish Individuals who do not follow the specific practices of the particular Grand Rebbe in power within the Village of Kiryas Joel.

239.   Likewise, the Village of Kiryas Joel has a history of "forcing out" those who do not dress or act in a manner that is approved by the Grand Rebbe of said Village.

240.   Furthermore, the Village of Kiryas Joel has a history of making as proverbial outcasts from that Community individuals that cooperate with law enforcement in the prosecution of provisions of the Penal Law and Building Codes of the State of New York.

241.   In furtherance of the aforementioned approach to residential living, during the Thanksgiving 2017 Holiday Plaintiffs Kraus and Stern pulled up to the driveway of a

Counterclaiming Defendant and stated that they soon "will own all of this" referring to the Estates as they "will bankrupt the community and have the Town take this over".

242.   Additionally, when a Counterclaiming Defendant invited Plaintiff Schwimmer to a Summer Event in the Estates to share food and company, said Plaintiff advised that he would "rather eat with God than dance with the Devils".

243.   As part of that effort to make the Estates a non-diverse residential community, Plaintiff Schwimmer advised a Counterclaiming Defendant that after all the actions that certain Plaintiffs have and will undertake that this Counterclaiming Defendant "will be working for me" referring to Plaintiff Schwimmer.

244.   In still other efforts of the Plaintiffs to make housing otherwise unavailable to the Counterclaiming Defendants and others, Plaintiff Stern approached a Counterclaiming Defendant in January 2018 and falsely claimed that another Hasidic person was an attorney and threaten that Counterclaiming Defendant unless said Counterclaiming Defendant stopped reporting building violations to the Building Inspector.

245.   Additionally, said Kraus Stern and an individual who identified himself as Mr. Schwimmer advised a Counterclaiming Defendant that the goal was to make the Estates "Jew Town."

246.   In confirmation of the same, listings for homes in the Estates (which was built out over two decades ago) have been made with the claim that the Estates are "NEW! and that the Estates will be a gated community and will be "very ideal for KJ community blessed with large families."

247. The Estates have been marketed as "presenting the only gated development near Kiryas Joel" and having "close proximity to Kiryas Joel."

248. Accordingly, the goal of certain Plaintiffs has been to discriminate against all non-Hasidic Families and to make housing otherwise unavailable for others than Hasidic Families who are part of the Kiryas Joel community.

## AS AND FOR A FIRST COUNTERCLAIM FOR RELIEF

### FAIR HOUSING ACT
### 42 U.S.C. § 3604

249. The Counterclaiming Defendants repeat and reallege paragraphs "192" through "248" as if fully set forth herein.

250. The Plaintiffs by their continuing conduct and acts have intentionally discriminated against the Counterclaiming Defendants by making housing "unavailable" because of religion in violation of 42 U.S.C. § 3604(a).

251. The Plaintiffs have acted and conspired to act with others with a goal of making the Estates a residential place, whether intended or not, has the effect of including residents of the Estates based on religion, in violation of 42 U.S.C. § 3604(a).

252. The Counterclaiming Defendants are aggrieved persons as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(i) and they have suffered harm, damage and injury as a result of Plaintiffs' conduct.

253. The Counterclaiming Defendants have no adequate remedy at law for such harm, damage and injury caused by Plaintiffs' conduct which caused the

Counterclaiming Defendants to sustain and continue to sustain damages to their investment in the Estates in a total of no less than $25,000,000.

254. Plaintiffs have caused the Counterclaiming Defendants to suffer, and continue to suffer irreparable harm, damage and injury, and the Counterclaiming Defendants will continue to suffer such harm unless the Plaintiffs' acts and conduct complained of are permanently enjoined.

## AS AND FOR A SECOND COUNTERCLAIM FOR RELIEF

### FAIR HOUSING ACT
### 42 U.S.C. § 3617

255. The Counterclaiming Defendants repeat and reallege paragraphs "192" through "254" as if fully set forth herein.

256. The Plaintiffs, by their continuing conduct and acts, have intentionally discriminated against the Counterclaiming Defendants by interfering with the use and enjoyment of Estates property on account of their having exercised rights, or having aided or encouraged other persons in the exercise or enjoyment of rights that are granted or protected by 42 U.S.C. § 3604 (a) in violation of 42 U.S.C. § 3617.

257. The Counterclaiming Defendants are aggrieved persons as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(i) and they have suffered harm, damage and injury as a result of Plaintiffs' conduct in an amount of not less than $25,000,000.

258. The Counterclaiming Defendants have no adequate remedy at law for such harm, damage and injury caused by Plaintiffs' conduct.

40

259.   Plaintiffs have caused the Counterclaiming Defendants to suffer, and continue to suffer, irreparable harm, damage and injury, and the Counterclaiming Defendants will continue to suffer such harm unless the Plaintiffs' acts and conduct complained of are permanently enjoined.

## AS AND FOR A THIRD COUNTERCLAIM FOR RELIEF

### NEW YORK CIVIL RIGHTS LAW § 40-C
### DISCRIMINATION

260.   The Counterclaiming Defendants repeat and reallege paragraphs "192" through "259" as if fully set forth herein.

261.   The Plaintiffs, by their acts, have conspired under color of law and continue to conspire to abridge the rights of the Counterclaiming Defendants to be free from discriminatory conduct and acts under Section 40-c(1) and (2) of the New York Civil Rights Law.

262.   The Counterclaiming Defendants duly served notice of this claim on the Attorney General of the State of New York, pursuant to Civil Rights Law § 40-d.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants, HIGHLAND LAKE HOMEOWNERS ASSOCIATION, INC., ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERINO, ALEC RUBANOVICH, NANCY DIAZ and RAY TORRES, demand judgment: 1) dismissing plaintiffs' Complaint

41

in its entirety, together with the attorneys' fees, costs and disbursements of this action;

2) granting the relief sought within the asserted counterclaims by the counterclaiming

defendants; and 3) granting such other and further relief as this Court may deem just

and proper.

Dated: Elmsford, New York
      July 27, 2018


Yours, etc.
MIRANDA SAMBURSKY SLONE SKLARIN
VERVENIOTIS LLP

_____

RICHARD S. SKLARIN
Attorneys for Defendants (RSS 1017)
HIGHLAND LAKES HOMEOWNERS ASSOCIATION,
INC. i/s/h/a HIGHLAND LAKE HOMEOWNERS
ASSOCIATION, ARTHUR EDWARDS, INC.,
ARCHWAY PROPERTY MANAGEMENT, INC.,
CARMINE MASTROGIACOMO, CHRISTOPHER
PERINO i/s/h/a CHRISTOPHER PERRINO, ALEC
RUBANOVICH i/s/h/a ALEX RUBANOVICH, NANCY
DIAZ and RAY TORRES
570 Taxter Road, Suite 561
Elmsford, New York 10523
P (914) 345-6510
F (914) 345-6514
File No.: 18-197W

_____
DENNIS E. A. LYNCH (DL 6537)
FEERICK LYNCH MACCARTNEY & NUGENT, PLLC
Attorney for Counterclaiming Defendants Carmine
Mastrogiocomo, Christopher Perino, Alec
Rubanovich, Nancy Diaz and Ray Torres
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

TO:
MICHAEL H. SUSSMAN
Attorneys for Plaintiffs
1 Railroad Avenue, Suite 3
Goshen, New York 10924
(845) 294-3991

43