UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MENDEL STERN, AHARON OSTREICHER, YOCHONON MARKOWITZ, ABRAHAM KOHN, ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED, MELECH KRAUSS, ISRAEL OSTREICHER,

                           Plaintiffs,

-against-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERRINO, ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES,

                           Defendants.
----------------------------------------------------------------X

**DEFENDANTS'/ COUNTERCLAIMING DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

**2018-CV-04622 (NSR)**

## DEFENDANTS'/COUNTERCLAIMING DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO PLAINTIFFS

**PLEASE TAKE NOTICE,** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendants and Counterclaiming Defendants, by their respective Attorneys demand that Plaintiffs respond to the following requests for production of documents, and produce the documents requested, pursuant to the Federal Rules of Civil Procedure, which require service of responses on Defendants' and Counterclaiming Defendants' Attorneys within thirty (30) days after service of these requests.

These requests are continuing and any information secured subsequent to the service of your responses, which would have been includible in the responses had it been known or available, is to be supplied by supplemental responses.

## INSTRUCTIONS TO DOCUMENT REQUESTS

A.   If any of the following Demands cannot be answered in full, answer to the extent possible, specifying the reason for your inability to answer the remainder and stating all information or knowledge you have concerning the answered portion.  If your answers are in any way qualified, please set forth the terms and explanations of each such qualification.

B.   Concerning any document which you are asked to produce in these demands which you do not produce on the grounds of attorney work-product or attorney/client privilege, or for any other person, state the following:

   (1)   each and every basis in fact and law for withholding the production of such documents;

   (2)   the identity of each document, including the name of the author, addressee, all receipts or distributee title, type of documents (e.g. memorandum, letter, report); subject matter and date;

   (3)   the present location of each document; and

   (4)   the identity of each person who has been shown such document.

C.   For each Document Request, identify separately: (1) all persons involved directly or indirectly in the preparation of the response to the Document Request (providing the information for each person as requested in Paragraph D below); and (2) all documents consulted during the preparation of the response to the Document Request (providing such information for each documents as requested in Paragraph F below).

D.   When identifying persons in responding to these Document Requests, you shall:

   (1)   state the person's full name;

   (2)   state the person's business and residential addresses; and

2

    (3) state the person's business and residential telephone numbers.

 E. When identifying an oral communication (including telephone conversations) in responding to these Document Requests, you shall include:

    (1) all parties thereto;

    (2) the date of the communication;

    (3) all person(s) present during the communication; and

    (4) the substance of the communication.

 F. When identifying a document in responding to these Document Requests, you shall:

    (1) identify the author(s) and all persons to whom it was distributed;

    (2) state its title or other identifying data;

    (3) state the date of the document;

    (4) if such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it; and

    (5) if produced, identify by Bates number(s).

 G. All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to you or any of your current or former agents, employees or representatives.

 H. If in responding to any Document Request and a privilege is claimed, identify the document, oral communication or other information which you claim is privileged in accordance with Paragraphs above; describe the form in which the alleged privileged information exists (e.g., type of document, recollection of a person); describe the subject matter of the privileged information (without revealing the information for which you claim a privilege); specifically

state the claim of privilege and the ground upon which the claim rests; and identify all persons or entities who have received or otherwise had access to said matter.

I. In accordance with the applicable Federal Rules of Civil Procedures, the Document Requests are continuing in nature, and any subsequently discovered or additional information responsive to these Document Requests shall be supplied immediately upon any such matters coming to your attention.

J. In answering these Document Requests, you are requested to furnish all information which is available to you, including information in the possession of your attorneys or investigators, and not merely such information known of your own personal knowledge. If you cannot answer the following Document Requests in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

K. If any document requested or described in your responses is not attached to your responses, then the substance of each such document should be set forth in an explanation given as to why the document is not being attached. In the event that any such document is not in your possession, custody or control, please specify what disposition was made of it and identify the person now in possession, custody or control of it. In the event that any such document has been destroyed, please specify the date and manner of destruction, the reason for destruction, and the identification of all persons authorizing and/or carrying out the destruction.

L. If, in answering these Document Requests you encounter any ambiguity in construing either the Document Request or a definition or instruction relevant to the inquiry

4

contained within the Document Request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the Document Request.

M.    If you object for any reason to any discovery request or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

N.    If a request is made for production of documents which are no longer in the possession, custody and/or control of each and every Plaintiff, state when such documents were most recently in the possession, custody and/or control of any Plaintiffs, the identity of the person(s) who had possession, custody and/or control, and what dispositions were made of them, including the identity of the person(s) believed to be presently in possession, custody and/or control of the documents. If a document has been destroyed, state when such document was destroyed, identify the person(s) who destroyed the document, and the person(s) who directed that the document be destroyed and the reasons the document was destroyed.

O.    If more than one copy of a requested document (e.g., a clean copy and a copy with handwritten or other notations) exists, and if one or more documents have any writing on them which differentiate them from other copies each and every Plaintiff shall produce all such copies.

P.    All electronic documents should be produced in the following format: DAT, OPT, Images (Multipg PDFs or TIFFs are preferred), Text (Multipg Text files preferred), Natives, and with all metadata included.

Q.    These document requests are continuing and, if at any time subsequent to production of the documents requested herein, any document responsive to any request herein is located or comes within the custody, possession, or control of each and every Plaintiff, Defendants request that it forthwith be produced.

## **DEFINITIONS**

A.      The terms "you" and "your" shall mean each and every Plaintiff or any of their agents, employees, officers, directors or representatives, and shall be interpreted to include both the singular and the plural meaning of each word.

B.      As used herein, "person" shall mean any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

C.      As used herein, "communication" shall mean any statement transmitted, either orally or in writing, between two or more persons, including but not limited to correspondence, telegrams, telexes, memoranda, notes, telephone conversations, e-mail and direct personal statement.

D.      "Document" means any papers, writings or records of any type, source or authorship, in your possession, custody or control, or of which you have knowledge, wherever located, however produced or reproduced and whether a draft, an original or a copy.  By way of illustration and not limitation, the term "documents" shall include memoranda or telephone conversations; summaries, diaries or other records of personal conversations or interviews; and minutes, summaries or other records of any meetings, discussions or conferences; as well as all other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, curves, graphs, sketches, blueprints, charts, motion picture film, microfilm, computer records, photographs, photograph negatives, videotapes, microfiches, photocopies, photostats, descriptions, purchase orders, agreements, drafts of agreements, trade tickets or trade

records, account statements, contracts, invoices, cancelled checks, bills of lading, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations and meetings, bulletins, computer printouts and records, invoices, worksheets, accountants notes and workpapers, published or unpublished speeches, manuscripts or articles, transcripts affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved. Any original or copy containing thereon or having attached thereto any alterations, notes, comments or other material, not included in each original or copy, shall be deemed a separate documents within the foregoing definition.

    E.    "Relate" or "relating to" shall mean pertaining to, recording, evidencing, concerning, containing, setting forth, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing.

    F.    As used herein, "date" shall mean the exact day, month and year if ascertainable, or, if not, the best approximation thereof, including relationship to other events.

    G.    The singular form of a word shall be interpreted to include the plural, and "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these Document Requests any answers which might otherwise be construed to be outside their scope.

    H.    For purposes of these Requests, the term "services" shall refer to any and all construction, engineering, building or other like services, including the supply of labor and/or materials, used in connection with any work performed by you at the subject premises.

    I.    "Identify" means, when used in reference to:

    (1)    Document: its character (e.g. letter, memorandum, report, etc.); its title, date, author, addressee; all distributes; the number of pages; its subject matter, an identification

or each person you have reason to believe may have knowledge of the contents thereof; its present location; the identification of its custodian or, if any such documents was but is no longer in existence or in possession of or subject to your control, the disposition made of it and the circumstances and date of such disposition;

(2) Person: his or her name, home and business address, employer and position.

J. "All documents" means every document as defined above, whether an original or a copy, and whether or not in your possession, custody or control, which is known to you and every document which can be located or discovered by reasonably diligent efforts.

K. "Describe" means to state the date or dates of and identify each person involved in the transaction, communication, event or occurrence in question.

L. "Person" means any natural person, corporation, partnership, business entity, association or organization.

M. The conjunctions "and" and "or" shall be disclosing, averring to, comprising, evidencing, constituting, or revealing, directly or indirectly, in whole or in part.

N. The term "relevant time period" refers to the time periods referred to in the Complaint.

O. "Plaintiffs" means any or all of the following: MENDEL STERN, AHARON OSTREICHER, YOCHONON MARKOWITZ, ABRAHAM KOHN, ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED, MELECH KRAUSS, ISRAEL OSTREICHER.

P.     "Counterclaiming Defendants" means any or all of the following: CARMINE MASTROGIACOMO, CHRISTOPHER PERRINO, ALEX RUBANOVICH and RAY TORRES.

## DOCUMENT REQUESTS

1.     Each and every document that identifies the names, addresses, and telephone numbers as well as any e-mail addresses of every Plaintiff.

2.     Each and every communication and/or document that identifies any complaint, report, incident or other event that any Plaintiff reported to any law enforcement authority regarding any acts or omissions of the Counterclaiming Defendants during the relevant time period.

3.     Each and every document that identifies any report, inspection, observation, review of conditions of the alleged discriminatory conduct by the Counterclaiming Defendants during the relevant time period.

4.     All communications and documents related to Plaintiffs' ownership of any property in the Highland Lake Homeowners Association (the "Association") during the relevant time period.

5.     All communications and documents forwarded or received by any Plaintiff and/or representative of any Plaintiff from any of the Counterclaiming Defendants during the relevant time period.

6.     All communications and documents forwarded or received by any Plaintiff from the Association during the relevant time period.

7.     All communications and documents forwarded or received by any Plaintiff from any New York State or Federal Agency, body or commission with regard to alleged

discriminatory conduct by any of the Counterclaiming Defendants during the relevant time period.

8. All communications and documents forwarded or received by any Plaintiff with regard to efforts to sell any real property located in the Association during the relevant time period.

9. All communications and documents between any Plaintiffs with regard to the Association during the relevant time period.

10. All communications and documents evidencing the payment of any Association dues received by any of the Plaintiffs.

11. All communications and documents with regard to any payment of Association dues paid by any of the Plaintiffs during the relevant time period.

12. Any and all documents supporting to or related to any allegations in the Complaint of the Plaintiffs.

13. True and complete copies of any statements of witnesses to any material facts or claims in the Plaintiffs' Complaint.

14. Copies of any and all statements, transcripts or reports (signed or unsigned) and any other writings of any of the Plaintiffs which in any way concern the allegations set forth in the Complaint or a statement that no such document or information is in the possession of any Plaintiff during the relevant time period.

15. Copies of any and all statements, transcripts or recordings or report (whether signed or unsigned) and other writings of any of the Counterclaiming Defendants, which in any way concern the allegations set forth in the Complaint or Answer herein, or a statement that no such document or information is in the possession of any party you represent.

16. Copies of any all documents, communications, agenda, meeting minutes, resolutions or other related documents in the possession of any of the Plaintiffs with regard to actions or omissions of the Association or any of the Counterclaiming Defendants.

17. All documents that Plaintiffs intend to introduce at any Trial in this case.

18. True and complete copies of any statements of witnesses to any actions taking place at any meeting of the Association during the relevant time period.

19. Any and all document which mentions, discusses, involves, concerns, refers to, and/or relates to any potential changes in any rules or regulations of the Association during the relevant time period.

20. Any and all documents which mention, discuss, involve, concern, refer to, and/or complain about actions or omissions of any of the Counterclaiming Defendants that any Plaintiff alleges to be unlawful during the relevant time period.

21. Any and all correspondences and communications, including but not limited to electronic mail, instant messaging, texts and memoranda, sent by or received by any Plaintiffs from the Town of Woodbury and/or the Town of Woodbury Police Department during the relevant time period.

22. Copies of any documents referencing the racial or religious identity of any residence in the Association during the relevant time period.

23. Copies of the documents that any of the Plaintiffs have concerning any individual or others interested in purchasing any property in the Association during the relevant time period.

24. Copies of the Resolutions of the Association in the possession or control of any of the Plaintiffs.

25. Copies of any advertisements for the sale of real property in the Association in the possession or control of any of the Plaintiffs.

26. Copies of all brochures and any literature with regard to ownership of property within the Association.

27. Copies of all brochures and any literature with regard to efforts by any of the Plaintiffs to encourage, enlist or otherwise have any person or entity undertake ownership of property in the Association.

28. Copies of all documents concerning the need for any such Moratorium as well as all documents concerning the enactment of said Moratorium.

29. Any and all documents or communications in the possession or control of any of the Plaintiffs with regard to acting as a real estate agent, realtor or broker concerning any property in the Association.

30. Any and all documents evidencing any business cards of any of the Plaintiffs with reference to any property, maps or lands in the Association.

31. Any and all documents evidencing any rental of any homes of any Plaintiffs in the Association to any others during the relevant time period.

32. Any and all documents evidencing any litigation filed by any of the Plaintiffs with regard to any acts or omissions of the Association except of this pending Federal Court litigation.

33. Any and all documents evidencing any litigation filed by any of the Plaintiffs with regard to any acts or omissions of the Counterclaiming Defendants except of this pending Federal Court litigation.

34. Any and all documents or communications evidencing any efforts by any of the Plaintiffs who claim to be a licensed realtor, broker or agent in New York State referencing any real property in the Association for sale, lease or other occupancy.

35. Any and all documents or communications by any of the Plaintiffs evidencing the provision of any financing to any individual or entity with regard to ownership of any property in the Association.

36. Any and all documents or communications by any of the Plaintiffs evidencing the offering of any financing to any individual or entity with regard to ownership of any property in the Association.

37. Any and all records with regard to: (a) Plaintiff Esther Schwimmer concerning any real estate listings regarding the sale or offer to sale any property within the Association; and (b) Any MLS Listings/contracts of sale involving Plaintiff Esther Schwimmer and not involving Hasidic clients since 2016.

38. Any and all records with regard to: (a) Plaintiff Fraida N. Fried concerning any real estate listings regarding the sale or offer to sale any property within the Association; and (b) Any MLS Listings/contracts of sale involving Plaintiff Esther Schwimmer and not involving Hasidic clients since 2016.

39. Any and all documents or communications with regard to listings obtained by any of the Plaintiffs with regard to the sale of real property in the Association.

40. Any and all documents or communications evidencing marketing efforts by any of the Plaintiffs with regard to the sale of real property within the Association.

41. Any and all documents and communications reflecting any real estate commissions or other compensations received by any of the Plaintiffs with regard to the listing or sale of any property within the Association.

42. Any and all documents and communications evidencing any "showing" of homes within the Association by any of the Plaintiffs to any potential purchaser or lessor of property within the Association.

43. Any and all documents evidencing any sale or commissions received by any of the Plaintiffs with regard to real property known as "Country Crossing" within the County of Orange, State of New York.

44. Any and all documents evidencing any requests by or submission of documents for financing by any of the Plaintiffs with regard to any property within the Association.

45. Any and all documents or communications from any of the Plaintiffs to the Monroe Woodbury School District or any representative of that School District during the relevant time period.

46. Any and all documents or communications to any of the Plaintiffs to the Monroe Woodbury School District or any representative of that School District during the relevant time period.

**PLEASE TAKE FURTHER NOTICE** that the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be supplied to the undersigned pursuant to these demands through supplemental responses.

Dated: December 14, 2018
South Nyack, New York

*Yours, etc.*

MIRANDA SAMBURSKY SLONE SKLARIN
VERVENIOTIS LLP

_____
Richard S. Sklarin (RSS 1017)
*Attorneys For Defendants*
HIGHLAND LAKES HOMEOWNERS ASSOCIATION,
INC. I/S/H/A HIGHLAND LAKE HOMEOWNERS
ASSOCIATION, ARTHUR EDWARDS, INC.,
ARCHWAY PROPERTY MANAGEMENT, INC.,
CARMINE MASTROGIACOMO, CHRISTOPHER
PERINO I/S/H/A CHRISTOPHER PERRINO, ALEC
RUBANOVICH I/S/H/A ALEX RUBANOVICH, NANCY
DIAZ And RAY TORRES
570 Taxter Road, Suite 561
Elmsford, New York 10523
P (914) 345-6510


FEERICK LYNCH MACCARTNEY & NUGENT, PLLC

_____
Dennis E. A. Lynch (DL 6537)
*Attorney For Counterclaiming Defendants*
CARMINE MASTROGIOCOMO, CHRISTOPHER PERINO,
AND RAY TORRES
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

TO:    MICHAEL H. SUSSMAN  
        Attorneys for Plaintiffs  
        1 Railroad Avenue, Suite 3  
        Goshen, New York 10924