UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MENDEL STERN, AHARON OSTREICHER, YOCHONON MARKOWITZ, ABRAHAM KOHN, ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED, MELECH KRAUSS, ISRAEL OSTREICHER,

                Plaintiffs,

-against-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERRINO, ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES,

                Defendants.
------------------------------------------------------------X

DEFENDANTS'/
COUNTERCLAIMING
DEFENDANTS' FIRST
SET OF
INTERROGATORIES

2018-CV-04622 (NSR)

## **DEFENDANTS'/COUNTERCLAIMING DEFENDANTS' FIRST SET OF INTERROGATORIES**

Defendants and Counterclaiming Defendants, by their Attorneys, hereby demands that Plaintiffs answer the following Interrogatories as directed by the Court to serve such Interrogatories pursuant to the Federal Rules of Civil Procedure and Local Rule 33.3, which requires service of answers within thirty (30) days after service of these Interrogatories.

These Interrogatories are continuing and any information secured subsequent to the service of your Answers, which would have been includible in the Answers had it been known or available, is to be supplied by Supplemental Answers.

### **DEFINITIONS AND INSTRUCTIONS**

Unless conclusively negated by the context of the question, the following definitions and instructions are applicable to all questions contained in these interrogatories:

a. "Plaintiffs" means MENDEL STERN, AHARON OSTREICHER, YOCHONON MARKOWITZ, ABRAHAM KOHN, ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED, MELECH KRAUSS, ISRAEL OSTREICHER.

b. "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matters, however produced or reproduced, in the actual or constructive possession, custody, or control of the Plaintiffs (as defined in "a" above). The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, pictures, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, recordings, telegrams, films, and all other such documents tangible or retrievable of any kind. Documents also includes any preliminary notes and drafts of all the foregoing, in whatever form; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tape, microfilm, film, motion picture film, phonograph record, or other form.

c. The terms "relate(s) to," "related to," or "relating to" mean constitutes, comprises, contains, consists of, sets forth, proposes, shows, discloses, describes, discusses, mentions, explains, summarizes, concerns, reflects, authorizes, implicates, concerns, addresses, pertains to, or refers to, directly or indirectly.

d. With respect to documents, the term "identify" means to give the date, title, origin, author (if any), addresses (if any), the identity of all persons who received copies of it; and to describe any documents which may make it up in whole or in part; "identify" with respect to documents further means to state how the document was transmitted (e.g., by mail,

personal delivery, etc.), by whom transmitted; "identify" with respect to documents further means to describe a document sufficiently well to enable the Counterclaiming Defendants to know what the document is and to retrieve it from a file or wherever it is located; "identify" with respect to documents further means to describe it in a manner suitable for use as a description in a subpoena; "identify" with respect to documents further means to give the name, address, position or title of the person(s) who has custody of the document and/or control thereof; and "identify" with respect to documents further means to state whether or not it is in the possession of and/or subject to the control of the Plaintiffs.

  e. "Identify" when used in reference to an individual person means to state his/her full name, date of birth, present residence address, all residence addresses for the past five years, present occupation, and present or last known business address; present employer and position with such employer; whether ever employed by any party to this action and, if so, the dates when so employed by such party, the name of such party, and the last position held as an employee of such party.

  f. With respect to a firm, organization, partnership, association or corporation whose identity is sought, the term "identify" means to state the name of the firm, organization, partnership, association or corporation; the type of entity (e.g. whether a corporation, partnership, etc.); the address of its principal place of business and all other business addresses; if a corporation, the state or district where incorporated and the date incorporated.

  g. When asked to "identify" who on behalf of the Plaintiffs have certain knowledge, made certain decisions and/or committed or did certain acts or omissions, "identify" in the case of an individual is as defined in Paragraph (g); but in the case of a firm, organization, partnership, association or corporation, "identify" will mean not only to identify any firm,

organization, partnership, association or corporation with such knowledge, who made such decisions and/or committed or did such act or omission, but also to identify the individual person in the employ of (or on behalf of) any firm, organization, partnership, association or corporation who had such knowledge, who made such decision and/or who committed or did such act or omission.

    h.    "Identify" when used with reference to oral communications means to state (1) the identity of the person(s) participating in each such oral communication, (2) the substance of each oral communication made by each person identified, (3) to whom each such oral communication was made, (4) the date(s) of each such oral communication, (5) the location where such oral communication was made, (6) whether made by telephone and, if so, the identity of the party making the call, the identity of the party to whom made, from where made, and to where made, (7) whether there were any witnesses, and (8) whether there are any documents constituting notes, memoranda or other evidence of such oral communication and, if so, identify such documents.

    i.    "State" means to set forth fully and unambiguously every fact relevant to the answer to the interrogatory of which the Plaintiffs have knowledge and to:

    (i)    set forth all facts of which the Plaintiffs have knowledge which form the basis of the allegation; and

    (ii)    where acts or activities are involved, identify all persons who performed each act, the person on whose behalf such acts were performed, and the date and nature of each act; and

    (iii)    identify all documents relating to the facts or acts described in answer to the relevant interrogatory; and

(iv) identify all oral communications relating to the facts or acts described in answer to the relevant interrogatory;

(v) identify all persons having knowledge of the facts or acts described in answer to the relevant interrogatory; and

(vi) identify the source of the information set forth and the date on which the information was communicated to the affiant.

j. Whenever the expression "and/or" is used in these interrogatories, the information called for should be set out both in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

k. Whenever a date, amount or other computation or figure is requested, the exact date, amount, or other computation or figure shall be given unless it is not known; and then the approximate date, amount, or other computation or figure used as an estimate or approximation shall be given; and the basis of such estimate or approximation shall be described.

l. No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege shall be stated.

m. The information requested in these interrogatories is amplified by the Definitions and Instructions, and each interrogatory should be answered in conjunction with the Definitions and Instructions.

n. These interrogatories are of a continuing character. If additional information within the scope of any interrogatory becomes available to the Plaintiffs after the

Plaintiffs serve answers upon the Defendants, Plaintiffs shall furnish such additional information to the Defendants by way of supplemental answers.

o. If any of the answers to these interrogatories may be derived from papers, records or documents in the Plaintiffs' possession or under Plaintiffs' control, please attach a copy of same to the Plaintiffs' answers or, in the alternative, please describe each of the documents with specificity and state when and where they will be available to Counsel for the Defendants for inspection and copying.

p. The word "Defendant" or "Defendants" mean any of the following: HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERRINO, ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES.

q. The word "Association" mean the HIGHLAND LAKE HOMEOWNERS ASSOCIATION

## INTERROGATORY DEMANDS

### INTERROGATORY NO. 1:

Identify each person who participated, or with whom you consulted, in the preparation of your responses to these interrogatories.

### INTERROGATORY NO. 2:

Identify each document utilized or reviewed by you to prepare responses to these interrogatories.

### INTERROGATORY NO. 3:

State each and every witness with knowledge of information relevant to the subject matter of this action.

**INTERROGATORY NO. 4:**

Identify each and every document that exists relevant to the subject matter of this action.

**INTERROGATORY NO. 5:**

With regard to each and every such document, state specifically for each and every document the custodian of each and every document.

**INTERROGATORY NO. 6:**

With regard to each and every such document, state specifically for each and every document the location of each and every document.

**INTERROGATORY NO. 7:**

With regard to each and every such document, state specifically for each and every document the general description of each and every document, including pertinent insurance agreements and other physical evidence or information of a similar nature.

**INTERROGATORY NO. 8:**

Identify all witnesses any Plaintiff believes have knowledge of or information relevant to each and every fact alleged in the Plaintiffs' Complaint or which you contend refutes or otherwise contests the denials and defenses and counterclaims set forth in Defendants' Answer with Second Amended Counterclaim (all collectively referred to as the "Answer") and in connection therewith, please identify the paragraph(s) in the Complaint and/or Defendants' Answer containing the allegations, denials, or defenses as well as claims which each individual witnessed.

## INTERROGATORY NO. 9:

Identify all witnesses Plaintiffs intend to offer at trial, and in connection therewith, please identify the paragraph(s) in the Complaint and/or Defendants' Answer containing the allegations, denials, or defenses which each individual witnessed.

## INTERROGATORY NO. 10:

Identify the existence, custodian, location, and general description of any and all other documents, communications, or photographs which form the basis for, or evidence, or refute each and every allegation in the Complaint and/or support the denials and defenses as well as claims contained in the Defendants' Answer and that are otherwise relevant to the subject matter of the instant action.

## INTERROGATORY NO. 11:

Identify the name(s) and address(es) of the individual(s) who provided any information with regard to the allegations in Plaintiffs' Complaint.

## INTERROGATORY NO. 12:

Identify the existence, custodian, location, and general description of any and all other documents or communications relating the offering for sale or rental of any property in the Association by any of the Plaintiffs.

## INTERROGATORY NO. 13:

Identify the name and address of each person whom Plaintiffs expect to call as an expert witness at trial and with respect to each such witness, provide a copy of the written report prepared by the witness containing a complete statement of all opinions to be expressed and the reasons therefore; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support of the opinions the qualifications of

the witness including a list of all publications authored by the witness within the proceeding ten years; the compensation to be paid for the study and the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

**INTERROGATORY NO. 14:**

Identify those who prepared and/or participated in the preparation of responses to these Interrogatories and the Defendants' First Demand for Discovery of Documents and Things.

Dated: December 14, 2018
South Nyack, New York

*Yours, etc.*

MIRANDA SAMBURSKY SLONE SKLARIN
VERVENIOTIS LLP

_____
Richard S. Sklarin (RSS 1017)
*Attorneys For Defendants*
HIGHLAND LAKES HOMEOWNERS ASSOCIATION,
INC. I/S/H/A HIGHLAND LAKE HOMEOWNERS
ASSOCIATION, ARTHUR EDWARDS, INC.,
ARCHWAY PROPERTY MANAGEMENT, INC.,
CARMINE MASTROGIACOMO, CHRISTOPHER
PERINO I/S/H/A CHRISTOPHER PERRINO, ALEC
RUBANOVICH I/S/H/A ALEX RUBANOVICH, NANCY
DIAZ And RAY TORRES
570 Taxter Road, Suite 561
Elmsford, New York 10523
(914) 345-6510

FEERICK LYNCH MACCARTNEY & NUGENT, PLLC

_____
Dennis E. A. Lynch (DL 6537)
*Attorney For Counterclaiming Defendants*
CARMINE MASTROGIOCOMO, CHRISTOPHER PERINO,
AND RAY TORRES
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

TO: MICHAEL H. SUSSMAN
Attorneys for Plaintiffs
1 Railroad Avenue, Suite 3
Goshen, New York 10924