UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MENDEL STERN, AHARON OSTREICHER,
YOCHONON MARKOWITZ, ABRAHAM KOHN,
ISAAC SCHWIMMER, ESTHER SCHWIMMER,
JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED,
MELECH KRAUSS, ISRAEL OSTREICHER,

        7:18-CV-04622
        (NSR)(PED)

        Plaintiffs,

-against-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION,
ARTHUR EDWARDS, INC., ARCHWAY PROPERTY
MANAGEMENT, INC., CARMINE MASTROGIACOMO,
CHRISTOPHER PERRINO, ALEX RUBANOVICH,
NANCY DIAZ and RAY TORRES,

        Defendants.
-----------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW

MIRANDA SLONE SKLARIN
VERVENIOTIS LLP
RICHARD S. SKLARIN (RSS 1017)
Attorneys for Defendants
570 Taxter Road, Suite 561
Elmsford, New York 10523
P (914) 345-6510
F (914) 345-6514
Our File No. 18-197W

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii, iii


THE PARTIES AUGUST 31, 2018 "SO-ORDERED" STIPULATION SHOULD BE
VACATED AS A MATTER OF LAW ......................................................................1

CONCLUSION........................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Brass v. American Film Technologies, Inc.
987 F.2d 142, 150 (2d Cir. 1993)......................................................................................4

Comolli v. Huntington Learning Centers, Inc.
117 F. Supp. 3d 343, 349 (S.D.N.Y. 2015)......................................................................4

Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.
68 N.Y.2d 954, 510 N.Y.S.2d 88 (1986).........................................................................3

Goonewardena v. Forster & Garbus LLP
2019 WL 121677, at *6 (E.D.N.Y. January 7, 2019).......................................................3

Hallock v. State
64 N.Y.2d 224, 230, 485 N.Y.S.2d 510 (1984)................................................................2

Incon Collections LLC v. Costco Wholesale Corp.
698 F.3d 58, 62 (2d Cir. 2012).........................................................................................3

Lenington v. Kachkar
633 F. App'x 59, 60 (2d Cir. 2016)...................................................................................2

Matter of Smolyar
165 A.D.3d 74, 82 N.Y.S.3d 162 (2nd Dep't 2018) .........................................................4

McCoy v. Feinman
99 N.Y.2d 295, 302, 755 N.Y.S.2d 693 (2002) ...............................................................2

Omega Eng'g, Inc. v. Omega, S.A.
432 F.3d 437, 443 (2d Cir. 2005).....................................................................................1

Pierce v. Cook & Co. Inc.
518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976)........................1

Powell v. Omnicom
497 F.3d 124, 128 (2d Cir. 2007).....................................................................................1

Radack v. Norwegian America Line Agency, Inc.
318 F.2d 538, 542 (2d Cir. 1963).....................................................................................1

Red Ball Interior Demolition Corp. v. Palmadessa
173 F.3d 481, 484 (2d Cir. 1999).....................................................................................2

Rispler v. Spitz
377 Fed. Appx. 111 (2d Cir. 2010).................................................................................2

United States ex rel. Ladas v. Exelis, Inc.
824 F.3d 16, 25 (2d Cir. 2016).......................................................................................4

United States ex rel. Polansky v. Pfizer, Inc.
No. 04-CV-0704, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009) .............................4

Wall v. CSX Transportation, Inc.
471 F.3d 410, 416 (2d Cir. 2006)...................................................................................3

WIT Holding Corp. v. Klein
282 A.D.2d 527, 724 N.Y.S.2d 66 (2nd Dep't 2001) ......................................................3

**Statutes**

Federal Rule of Civil Procedure 60(b)..............................................................................1

Rule 60(b)(6)....................................................................................................................1

Rule 9(b) of the Federal Rules of Civil Procedure...........................................................3

## THE PARTIES AUGUST 31, 2018 "SO-ORDERED" STIPULATION SHOULD BE VACATED AS A MATTER OF LAW

Federal Rule of Civil Procedure 60(b) allows for a mechanism by which a court may relieve a party from a final judgment or order. It provides that a court may relieve a party from a final judgment or order due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice on a particular case.'" Pierce v. Cook & Co. Inc., 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), *quoting* Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963).

"A settlement agreement is a contract that is interpreted according to general principles of contract law." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007) (citing Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005)); see also Lenington v. Kachkar, 633 F. App'x 59, 60 (2d Cir. 2016) ("Settlement agreements are contracts and must therefore be construed according to general principles of contract law.") (quoting Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999)).

"[A] Court may vacate a stipulation of settlement only upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement

1

is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement." Rispler v. Spitz, 377 Fed. Appx. 111 (2d Cir. 2010) (summary order); see McCoy v. Feinman, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693 (2002) (finding a stipulation of settlement is "generally binding on parties that have legal capacity to negotiate"); Hallock v. State, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510 (1984) ("Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation...").

A misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud. See generally Wall v. CSX Transportation, Inc., 471 F.3d 410, 416 (2d Cir. 2006) ("New York law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced"); see generally Goonewardena v. Forster & Garbus LLP, 2019 WL 121677, at *6 (E.D.N.Y. January 7, 2019) ("Under New York law, a party may invalidate a contract by satisfying the elements of a fraudulent inducement claim."); see WIT Holding Corp. v. Klein, 282 A.D.2d 527, 724 N.Y.S.2d 66 (2nd Dep't 2001) (investor stated claim sounding in fraud by alleging that representative induced it to invest in corporation by making false representations that corporation was in full compliance with regulatory requirements and that representative was principal shareholder in corporation when he still owed money to a third person for the purchase of that shareholder interest); see Deerfield Communications Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 510 N.Y.S.2d 88 (1986) (holding that "a promise [not

contained in the written agreement] made with a preconceived and undisclosed intention of not performing it...constitutes a misrepresentation" for purposes of a fraud in the inducement cause of action). "

"A party has made out a claim of fraudulent inducement if [the party] has pled (i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation; and (iv) resulting damages." Incon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 62 (2d Cir. 2012) (citation and internal quotation marks omitted); see also Comolli v. Huntington Learning Centers, Inc., 117 F. Supp. 3d 343, 349 (S.D.N.Y. 2015) (same).

A party must also disclose material facts where "one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Fraudulent inducement claims are subject to the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, which "requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d Cir. 2016) (alteration in original) (quoting Fed. R. Civ. P. 9(b)). "In other words, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." United

3

States ex rel. Polansky v. Pfizer, Inc., No. 04-CV-0704, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009) (citation and internal quotation marks omitted).

As more fully set forth within the annexed Affidavit of Carmine Mastrogiacomo, he: 1) relied (in his capacity as President of the Board of Directors of Highland Lake Homeowners Association, Inc.): upon the August 12, 2018 Affirmation of Isaac Schwimmer in agreeing to resolve plaintiffs' application for a preliminary injunction; and 2) had he known (back in August, 2018) that the Isaac Schwimmer Affirmation was a false document (e.g. with inaccurate factual information contained therein and, as it turned out, not signed by the affirmant despite being notarized by plaintiffs' office), defendants would not have entered the applicable August 31, 2018 stipulation resolving plaintiffs' application for a preliminary injunction. See generally Matter of Smolyar, 165 A.D.3d 74, 82 N.Y.S.3d 162 (2nd Dep't 2018) (1 year suspension was warranted as reciprocal discipline for attorney, based upon federal District Court's imposition of a permanent injunction enjoining attorney from appearing as an attorney in any action or proceeding before that Court, as sanction for his having signed and falsely notarized client affidavit, and then submitting subsequent declaration falsely stating that the client affidavit was an aberration; although attorney had accepted full responsibility for his misconduct and was not entirely to blame for the false declarations, as the affidavits were prepared while under the supervision of his employer, instead of coming clean, he submitted a second false affidavit to cover up his initial misconduct, and he admitted to have signed and falsely notarized 5 to 10 client affidavits in the past).

## CONCLUSION

Defendants respectfully request that this Court issue and enter an Order, in accordance with Rule 60(b) of the Federal Rules of Civil Procedure: 1) vacating the parties' August 31, 2018 "so ordered" stipulation (whereby the entrance/exit gates within the Highland Lake Estates subdivision, owned and operated by defendant Highland Lake Homeowners Association, Inc., would remain open during the pendency of this litigation, aside from 1:30 a.m. to 5:30 a.m. Sunday through Friday, and between Friday sundown, and Saturday sundown when the entrance and exit gates could remain in a closed position; and 2) granting such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Elmsford, New York
January 21, 2020

Yours, etc.
**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

_____
RICHARD S. SKLARIN
Attorneys for Defendants (RSS 1017)
HIGHLAND LAKE HOMEOWNERS ASSOCIATION, INC. i/s/h/a HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERINO i/s/h/a CHRISTOPHER PERRINO, ALEC RUBANOVICH i/s/h/a ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES
570 Taxter Road, Suite 561
Elmsford, New York 10523
P (914) 345-6510
F (914) 345-6514
File No.: 18-197W

TO:
MICHAEL H. SUSSMAN
Attorneys for Plaintiffs
1 Railroad Avenue, Suite 3
Goshen, New York 10924
(845) 294-3991

MARKS DIPALERMO PLLC
Adam N. Love
Attorney for Counterclaiming Defendants
Carmine Mastrogiocomo, Christopher Perino,
Alec Rubanovich, Nancy Diaz and Ray Torres
485 Madison Avenue, 16th Floor
New York, NY 10022
(212) 370-4477