UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MENDEL STERN, AHARON OSTREICHER,
YOCHONON MARKOWITZ, ABRAHAM KOHN,
ISAAC SCHWIMMER, ESTHER SCHWIMMER,
JOEL SABEL, YOEL FRIED and FRAIDA M. FRIED,
MELECH KRAUSS, ISRAEL OSTREICHER,

7:18-CV-04622
(NSR)(PED)

Plaintiffs,

**SKLARIN DECLARATION**

-against-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION,
ARTHUR EDWARDS, INC., ARCHWAY PROPERTY
MANAGEMENT, INC., CARMINE MASTROGIACOMO,
CHRISTOPHER PERRINO, ALEX RUBANOVICH,
NANCY DIAZ and RAY TORRES,

Defendants.
------------------------------------------------------------------X

**RICHARD S. SKLARIN**, an attorney duly admitted to practice law in this Court declares under penalty of perjury that the foregoing is true and correct:

1. I am counsel for defendants in this matter and submit this declaration upon my own knowledge.

2. This Declaration (along with the annexed Affidavit of Carmine Mastrogiacomo, exhibits hereto and Memorandum of Law) are hereby submitted in

1

support of defendants' motion for the following relief: 1) an Order, in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, vacating the parties' August 31, 2018 "so ordered" stipulation whereby the entrance and exit gates within the Highland Lake Estates subdivision (owned and operated by defendant Highland Lake Homeowners Association, Inc.) would remain open during the pendency of the litigation (aside from 1:30 a.m. to 5:30 a.m. Sunday through Friday, and between Friday sundown and Saturday sundown, when the entrance and exit gates could remain in a closed position); and 2) granting such other and further relief as this Court may deem just and proper under the circumstances.

## SUMMARY OF ARGUMENT

3. As more fully set forth hereinbelow, the parties' August 31, 2018 "so ordered" stipulation, which served to resolve plaintiffs' request for preliminary injunction enjoining defendant Highland Lake Homeowners Association, Inc. from utilizing entrance and exit gates in this residential development of 168 single family homes, was supported by a single sworn Affirmation, purportedly signed by then named plaintiff Isaac Schwimmer, which was signed and affirmed in front of a notary public, Geryl L. Prescott, who, upon information and belief, was employed by plaintiffs' counsel at the time. No other sworn Affirmations/Affidavits were submitted to the Court in support of plaintiffs' application for a TRO and preliminary injunction at the time. Moreover, the only other evidentiary support submitted by plaintiffs' counsel in support of the TRO and request for

2

preliminary injunction was an August 13, 2018 e-mail from Mike Martucci of Quality Bus which stated, in pertinent part, as follows: "I'm not sure what approach the Monroe-Woodbury District will take on the gates come September. If the district requires that I enter the community, I will share these concerns with them and follow their directive." Aside from the pleadings to the action and Sussman Declaration (also submitted with the withdrawn TRO), no other documentation was submitted to the Court in support of plaintiffs' request for preliminary injunction back in August, 2018.

4. Subsequent thereto, after substantial discovery (including most of the plaintiffs' depositions) were completed, the deposition of plaintiff Isaac Schwimmer took place on September 25, 2019.

5. During preliminary questioning of this witness, testimony was elicited under oath which established that various factual allegations contained within the Isaac Schwimmer Affirmation (affirmed under "pain and penalties" of perjury) were false (e.g. incorrect spouse name [paragraph 1], incorrect statement that "there has been no criminal activity" in the neighborhood [paragraph 2] and incorrect statement that that Isaac Schwimmer "...personally have tried to resolve this situation" [referencing bus companies dropping off children off on Ridge Road instead of inside the Highland Lake Estates community [paragraph 6]).

6. Thereafter, upon showing plaintiff Isaac Schwimmer a copy of the above-referenced August 12, 2018 Affirmation (marked as Exhibit "C" during the deposition and Exhibit "H" herein), he testified, under oath, that: 1) he recognized the Affirmation; 2) the signature on the Affirmation, "under pains and penalties of perjury", was NOT his signature above the Isaac Schwimmer signature line; and 3) he had NO IDEA whose signature was affixed to the Isaac Schwimmer Affirmation previously filed with this Court in connection with the Order to Show Cause submitted to this Court by plaintiffs' counsel.

7. Following the above-referenced testimony elicited from plaintiff Isaac Schwimmer back on September 25, 2019, upon information and belief, plaintiffs' counsel spoke with their client and returned to the deposition room to "suspend" the deposition (and any others) and stay discovery.

8. In his September 26, 2019 letter to the Court (Exhibit "J"), plaintiffs' counsel stated, in pertinent part, as follows:

> "As an officer of the Court, I can report that non-party Abraham Schwimmer, Isaac Schwimmer's brother, advised me that his brother could not then report to my office and provided me the information in the Affirmation which he indicated truly and accurately related his understanding of his brother's experience and expected testimony. We agreed that his brother would review the Affirmation, make any necessary corrections and sign the same before a Notary Public upon its completion.
>
> At the time I submitted this document, this was my understanding of precisely what had transpired and I did not know until yesterday that Isaac Schwimmer claims not to have signed the Affirmation I prepared for him to sign and understood that he had signed before its filing.
>
> In this light, I request leave to withdraw said document from the record or,

4

if that be objected to, to associate this letter in the record with that document so no person or reviewing authority be deceived in any manner as to its authenticity or rely upon it in any manner."

9. Plaintiffs' counsel's September 26, 2019 letter to the Court completely omits reference to any direct communications (e.g. in person, on the phone or via email) with his actual client to confirm the accuracy of the factual information contained within the Affirmation of Isaac Schwimmer (despite receiving that information from a third-party) before submitting the document to the Court.

## APPLICABLE CASE LAW

10. As set forth more fully within the annexed Memorandum of Law, and in accordance with F.R.C.P. Rule 60(b), a Court may vacate/invalidate a stipulation of settlement or Order (in accordance with general principles of contract law) when a party has been fraudulently induced to enter into the agreement.

## AFFIDAVIT OF CARMINE MASTROGIACOMO

11. As more fully set forth within the annexed affidavit of Carmine Mastrogiacomo (who personally reviewed plaintiffs' papers in support the application for a TRO and preliminary injunction, as well as being present during the August 29, 2018 oral argument before this Court in connection with plaintiffs' application for a preliminary injunction), in his capacity as President of the Highland Lake Homeowners Association,

Inc., expressly relied upon, inter alia, the following in authorizing counsel to resolve plaintiffs' application: 1) various factual contentions asserted, under oath, within the August 12, 2018 Affirmation of plaintiff Isaac Schwimmer (which he testified during his September 25, 2019 contained various factual inaccuracies and which he did not sign, despite having been notarized, upon information and belief, by a representative of plaintiffs' counsel's office); and 2) various representations by plaintiffs' counsel in open Court during the August 29, 2018 proceeding.

## **MOTION EXHIBITS**

12. A copy of plaintiffs' August 14, 2018 e-mail with Sussman Declaration and Exhibits 1 through 3 regarding the TRO request (which was subsequently withdrawn) are collectively annexed hereto as **Exhibit "A"**.

13. A copy of the August 14, 2018 hearing transcript before District Judge Katherine Polk Failla wherein the parties resolved plaintiffs' TRO (by an interim agreement to keep the entrance/exit gates in an open position from 7:00 a.m. until 6:00 p.m. each and every day of the week except Saturday) until a hearing on plaintiffs' application for a preliminary injunction is annexed hereto as **Exhibit "B"**.

14. A copy of plaintiffs' executed Order to Show Cause as to "...why a preliminary injunction should not be entered enjoining defendants...from utilizing an entrance/exit gate for Highland Lake Estates...", along with an August 12, 2018 signed

6

and notarized Affirmation of Isaac Schwimmer and Memorandum of Law in Support of preliminary injunction are collectively annexed hereto as **Exhibit "C"**.

15. A copy of defendants' opposition to plaintiffs' Order to Show Cause (e.g. Sklarin Declaration [including Exhibits A through I thereto] and Memorandum in Opposition to plaintiffs' application for a preliminary injunction) are collectively annexed hereto as **Exhibit "D"**.

16. A copy of the August 29, 2018 hearing transcript before this Court resolving plaintiffs' application for a preliminary injunction is annexed hereto as **Exhibit "E"**.

17. A copy of the August 31, 2018 "so ordered" stipulation resolving plaintiffs' application for a preliminary injunction is annexed hereto as **Exhibit "F"**.

18. A copy of defendants' September 25, 2019 correspondence with Magistrate Judge Davison (following the deposition of plaintiff Isaac Schwimmer) with exhibits thereto is annexed hereto as **Exhibit "G"**.

19. A copy of the Affirmation of Isaac Schwimmer (which was marked as Exhibit "C" during the September 25, 2019 deposition) is annexed hereto as **Exhibit "H"**.

20. A copy of plaintiff Isaac Schwimmer's unexecuted September 25, 2019 deposition transcript is annexed hereto as **Exhibit "I"** (a sealed original is also available for the Court's review).

21. A copy of plaintiffs' September 26, 2019 correspondence with this Court is annexed hereto as **Exhibit "J"**.

22. A copy of plaintiffs' October 31, 2019 Notice of Voluntary Dismissal as to plaintiffs Isaac Schwimmer and Yochonon Markowitz (which was "so ordered" by Magistrate Davison) is annexed hereto as **Exhibit "K"**.

23. A copy of an executed April 25, 2019 Agreement between Monroe-Woodbury Central School District and Highland Lake Estates H.O.A. Inc."…for purposes of providing school transportation services to the students who reside within the gated community and receive such transportation services" (with an initial term commencing on September 1, 2018 and terminating on June 30, 2019) and follow up September 4, 2019 correspondence from Michael Martucci of Quality Bus Service to Highland Lake Homeowners Association, Inc. President Carmine Mastrogiacomo (noting designated bus stops for the pickup and discharge of those requiring school transportation services) are collectively annexed hereto as **Exhibit "L"**.

24. A copy of an October 21, 2019 Woodbury Records Department response to FOIL request (annexing Monthly Police & Communication Reports between September 2018 and August 2019) is collectively annexed hereto as **Exhibit "M"**.

25. A copy of the December 12, 2019 hearing transcript before this Honorable Court authorizing defendants' motion to vacate herein is annexed hereto as **Exhibit "N"**.

Dated: Elmsford, New York
January 21, 2020

                                        Yours, etc.
                                        **MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

                                        RICHARD S. SKLARIN
                                        Attorneys for Defendants (RSS 1017)
                                        HIGHLAND LAKE HOMEOWNERS ASSOCIATION, INC. i/s/h/a HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT, INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERINO i/s/h/a CHRISTOPHER PERRINO, ALEC RUBANOVICH i/s/h/a ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES
570 Taxter Road, Suite 561
Elmsford, New York 10523
P (914) 345-6510
F (914) 345-6514
File No.: 18-197W

TO:
MICHAEL H. SUSSMAN
Attorneys for Plaintiffs
1 Railroad Avenue, Suite 3
Goshen, New York 10924
(845) 294-3991

MARKS DIPALERMO PLLC
Adam N. Love
Attorney for Counterclaiming Defendants
Carmine Mastrogiocomo, Christopher Perino,
Alec Rubanovich, Nancy Diaz and Ray Torres
485 Madison Avenue, 16th Floor
New York, NY 10022
(212) 370-4477