# EXHIBIT J

# SUSSMAN & ASSOCIATES
## - Attorneys at Law -

| MICHAEL H. SUSSMAN | 1 Railroad Ave. - Suite 3 | LEGAL ASSISTANT |
| JONATHAN R. GOLDMAN | P.O. Box 1005 | SARAH OSBORNE |
| | Goshen, New York 10924 | |
| | | CHRISTOPHER D. WATKINS |
| | (845) 294-3991 | of Counsel |
| | Fax: (845) 294-1623 | |
| | sussman1@frontiernet.net | |

September 26, 2019

Hon. Nelson Roman
United States District Court – SDNY
300 Quarropas Street
White Plains, NY 10601

Re: **Stern et al v. Highland Lake Homeowners Assn, et al.,
18 cv 4622 (NSR)**

Dear Judge Roman,

I represent plaintiffs in this action which claims that defendants engaged in a pattern of anti-Semitic conduct against plaintiffs in an effort to forestall or prevent their residency in their development. I write in furtherance of the communication from Richard Sklarin, Esq. dated September 25, 2019. I had advised Mr. Sklarin yesterday of my intent to write Your Honor concerning the matter which he brought to the court's attention.

In August 2018, I filed an Order to Show Cause which sought to enjoin operation of an entry gate to this sub-division. Plaintiffs' fundamental arguments were that the gate was being erected as a means of discouraging or disallowing Hasidic home-seekers' access to the community and that no neutral, non-discriminatory basis existed for its operation.

In support of the application, I filed the Affirmation of Isaac Schwimmer which I understood this gentleman had signed before a Notary Public in my law office. See, Docket Entry #38. Rather than proceed to an evidentiary hearing on this motion [as I was prepared to do], on August 29, 2018, the parties entered a Stipulation limiting the use of the gate, Docket Entry #40, and, to date, it is my understanding that defendants have not utilized the gate at all [even as permitted by our Stipulation].

Yesterday, at his deposition, Isaac Schwimmer claimed to not have signed the Affirmation. In addition, during his deposition, which my associate

covered, Mr. Schwimmer renounced several of the statements included in the Affirmation. Mr. Schwimmer did not identify who signed the document on his behalf.

As an officer of the Court, I can report that non-party Abraham Schwimmer, Isaac Schwimmer's brother, advised me that his brother could not then report to my office and provided me the information in the Affirmation which he indicated truly and accurately related his understanding of his brother's experience and expected testimony. We agreed that his brother would review the Affirmation, make any necessary corrections and sign the same before a Notary Public upon its completion.

At the time I submitted this document, this was my understanding of precisely what had transpired and I did not know until yesterday that Isaac Schwimmer claims not to have signed the Affirmation I prepared for him to sign and understood he had signed before its filing.

In this light, I request leave to withdraw said document from the record or, if that be objected to, to associate this letter in the record with that document so no person or reviewing authority be deceived in any manner as to its authenticity or rely upon it in any manner.

I deeply regret this event, am meeting with my clients tomorrow and shall proceed by motion to seek leave to withdraw as their counsel should I conclude that a conflict exists between me and any of the plaintiffs going forward.

In this context, I join in Mr. Sklarin's request for a conference and a stay in discovery until I can resolve whether my firm shall continue to represent plaintiffs in this matter.

Respectfully submitted,

Michael H. Sussman [3497]

cc: Counsel of record by ECF