UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MENDEL STERN, AHARON OSTREICHER, YOCHONON MARKOWITZ, ABRAHAM KOHN, ISAAC SCHWIMMER, ESTHER SCHWIMMER, JOEL SABEL, YOEL FRIED, FREIDA M. FRIED, MELECH KRAUSS, and ISRAEL OSTREICHER,

Plaintiffs,

-vs.-

HIGHLAND LAKE HOMEOWNERS ASSOCIATION, ARTHUR EDWARDS, INC., ARCHWAY PROPERTY MANAGEMENT INC., CARMINE MASTROGIACOMO, CHRISTOPHER PERRINO, ALEX RUBANOVICH, NANCY DIAZ and RAY TORRES,

Defendants.

Index No. 7:18-cv-04622-NSR-PED

---

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiffs Mendel Stern, Yoel Fried, Freida M. Fried and Melech Krauss ("Plaintiffs"), and Defendants Highland Lake Homeowners Association, Arthur Edwards, Inc., Archway Property Management Inc., Carmine Mastrogiacomo, Christopher Perrino, Alex Rubanovich, Nancy Diaz and Ray Torres ("Defendants") have stipulated to the terms of this protective order and have jointly moved before the Court for entry of this protective order (the "Protective Order") consistent with this Stipulated Confidentiality Agreement (the "Agreement") to govern the discovery and production of Confidential Information as defined herein in the above-captioned case.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Protective Order-including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Protective Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

3. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) material previously nondisclosed to the public relating to ownership or control of any non-public company;

    (c) business plans, product development information, or marketing plans previously nondisclosed to the public;

    (d) any information of a personal or intimate nature regarding any individual;

    (e) any other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26; or

    (f) any other category of information hereinafter given confidential status by the Court.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Prior to the expiration of such 30 day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all deposition testimony and exhibits shall be treated as Confidential Discovery Material. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will

3

thereafter be treated as Confidential under the terms of this Protective Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

    (b) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an **Exhibit** hereto;

    (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, after such expert or consultant has first executed a Non-Disclosure Agreement in the form annexed as an **Exhibit** hereto; provided, however, that Discovery Material designated as Confidential may only be disclosed to any expert or consultant who in good faith, after diligent inquiry by such expert or consultant and by

counsel to a Party, certifies in writing to counsel for such Party that he or she is not, pursuant to plaintiff's definition in the operative complaint, a member of the putative class;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its support personnel; and

(i) any other person whom the producing person, or other person designating the Discovery Material as "Confidential" pursuant to paragraph 9 below, agrees in writing may have access to such Discovery Material.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an **Exhibit** hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The filing party shall follow the procedures set forth in paragraph 6(X) [4(b)] of the Court's Individual Rules and Practices.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person (in the case of an objection), or upon any party (in the case of a request for further limits on disclosure), a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached in 5 business days, counsel ~~for the objecting party shall request a joint telephone call with the Court to seek~~ shall submit a letter in accordance with Dkt. # 48 to seek a ruling.

10. In the event additional Parties join or are joined in this Litigation as a named plaintiff or named defendant, within five (5) business days of an additional Party being joined to this Litigation, any Party may serve on all Parties a written request for additional limits on disclosure to such newly-joined Party. Such written request shall state with particularity the grounds for the request. Newly-joined Parties shall not have access to Confidential Discovery Material until any such request is resolved and the newly joined Party by its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Protective Order.

11. In the event that a receiving party seeks to use Confidential Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, the Parties will not argue that such information automatically loses its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures, if any, as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The receiving party may use such Confidential Discovery Material only after taking such steps as

agreed to by the parties or as the Court, upon motion of the producing party, shall deem necessary to preserve the Confidential Discovery Material's confidentiality.

12. The Court retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Any party that receives from a non-party a demand or request for disclosure of another party's Confidential Discovery Material to a party not listed in Paragraph 6 of this Protective Order ("third party") shall, within ten (10) days of receipt of the demand or request, give written notice to the producing party of the demand or request, unless the giving of such notice would violate a law or court order. If the producing party gives notice that it opposes production of its Confidential Discovery Material, the receiving party shall object to the demand or request, citing this Protective Order, and shall not thereafter produce such Discovery Material, except as Court-ordered or required by law. The producing party shall be responsible for pursuing any objection to the requested production. The receiving party agrees to cooperate with the producing party in resisting the demand or request.

15. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently

7

discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production.

19. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any party to request an *in camera* review of the inadvertently Disclosed Information.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: 1/14, 2022

CULLEN AND DYKMAN LLP

By: _____
Christopher E. Buckey, Esq.
80 State Street, Suite 900
Albany, New York 12207
(518) 788-9440
cbuckey@cullellp.com

*Counsel for Plaintiffs*

Dated: 1/13, 2022

MIRANDA SLONE SKLARIN
VERVENIOTIS LLP

By: _____
Richard S. Sklarin, Esq.
570 Taxter Road, Suite 695
Elmsford, New York 10523
(914) 345-6510
rsklarin@msssv.com

*Counsel for Defendants*

Dated: January 13, 2022

MARKSDIPALERMO PLLC

By: _____
Adam Love, Esq.
485 Madison Avenue, 16th Floor
New York, NY 10022
(212) 370-4477 x 4153
alove@marksdipalermo.com

*Counsel for Counterclaiming Defendants*

SO ORDERED:

_____
Hon. Paul E. Davison
United States Magistrate Judge

1/14/22